UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE RIVERA | : | PRISONER<br>CIVIL NO. 3:03CV645 (CFD)(WIG) |
| v. | : | |
| HECTOR RODRIGUEZ, ET AL. | : | JANUARY 31, 2007 |

**DEFENDANTS' LOCAL RULE 56(A)1
STATEMENT OF UNDISPUTED MATERIAL FACTS**

The defendants, Ricardo Ruiz and Hector Rodriguez, file the following statement of undisputed material facts in support of their motion for summary judgment as required by L. R. Civ. P. 56(a)1.

1. The plaintiff currently is 33 years old, and is a sentenced inmate serving a lengthy sentence for conspiracy to commit assault and manslaughter, with an expected release date of May, 2030. Tr. of Plaintiff's 12/8/03 Deposition at p. 6 (Ex. 1); DOC Computer Records of Plaintiff's Incarceration History (Ex. 2).

2. From August 28, 2001 through May 21, 2003, the plaintiff was incarcerated at the Cheshire Correctional Institution and was housed in that facility's protective custody unit. DOC Incarceration Records, Ex. 2.

3. On January 4, 2003, the plaintiff apparently fell off of his bunk bed and suffered an injury to his right ankle. Tr. of Plaintiff's 12/8/03 Deposition at pp. 8-9 (Ex. 1).

4. On two occasions shortly after the fall, the plaintiff was seen by nurses assigned to the facility and provided crutches and an ankle wrap, but was absent from the institution on many days while attending a criminal trial in which he faced a charge of murder. Tr. of Plaintiff's 12/8/03 Deposition at p. 11-14 (Ex. 1); Plaintiff's Medical Records at p. 17 (Ex. 4).

The injury to plaintiff's ankle did not interfere with the plaintiff's ability to participate fully in his defense at his murder trial.  Id.

5.   Thereafter, on January 24, 2003, the plaintiff was seen by defendant Ricardo Ruiz, the medical doctor assigned to the Cheshire Correctional Institution, for the purpose of examining his right ankle.  Dr. Ruiz first learned that Mr. Rivera sustained some injury to his right ankle when he saw the plaintiff on January 24, 2003, when the plaintiff informed the doctor that he jumped off his bunk and experienced pain a few weeks prior.  Affidavit of Dr. Ruiz, ¶ 4 (Ex. 3).

6.   The plaintiff's reference to Dr. Ruiz as "Ruiz Ricar", is a mistake.  Tr. of Plaintiff's 12/8/03 Deposition at p. 19 (Ex. 1).  Dr. Ruiz has been a physician licensed to practice medicine in the state of Connecticut since 1997, having received his medical degree from Boston University School of Medicine, and is board certified in internal medicine.  Dr. Ruiz began serving as the medical doctor at the Cheshire Correctional Institution in January, 2002, and in January 2003 provided treatment to Jose Rivera as reflected in his medical records.  See Affidavit of Dr. Ruiz at ¶¶ 2-3 (Ex. 3).

7.   As the facility's medical doctor, Dr. Ruiz sees patients who affirmatively seek medical attention, or who are referred to him by subordinate staff.  Accordingly, Dr. Ruiz had no knowledge of Mr. Rivera's ankle injury until he saw the plaintiff on January 24, 2003.  Affidavit of Dr. Ruiz, ¶ 12.

8.   During this initial evaluation, Dr. Ruiz observed the plaintiff walking with some discomfort; while the plaintiff was able to come to the medical unit walking on his own, he returned to see the doctor after an x-ray was taken in a wheelchair.  The x-ray revealed that Mr.

Rivera had sustained a comminuted, displaced spiral fracture of his right fibula.  Affidavit of Dr. Ruiz at ¶ 4 (Ex. 3); Medical Records for Jose Rivera at pp. 13, 39-40 (Ex. 4).

9.    In response, Dr. Ruiz contacted appropriate personnel and arranged for the plaintiff to be transferred to the University of Connecticut John Dempsey Hospital for further treatment.  Affidavit of Dr. Ruiz at ¶ 4 (Ex. 3).

10.    While at John Dempsey Hospital, the plaintiff was placed in a removable splint/cast and provided crutches to keep weight off of his ankle.  The purpose of the splint was to keep the plaintiff's ankle in alignment and was not intended to allow him to walk without the aid of crutches.  Affidavit of Dr. Ruiz at ¶ 5 (Ex. 3); Plaintiff's Medical Records at pp. 13, 39-40 (Ex. 4).

11.    Dr. Ruiz next saw the plaintiff on January 30, 2003.  During his examination, the plaintiff complained that the splint was too loose and it rubbed and irritated his skin.  Dr. Ruiz observed no sign of skin irritation.  Although there was no objective signs of irritation, Dr. Ruiz advised the plaintiff to put a sock under the splint to reduce the potential for irritation.  Ruiz Affidavit at ¶ 6 (Ex. 3); Plaintiff's Medical Records at p. 12    (Ex. 4).

12.    The plaintiff's medical records further reveal that, on February 4, 2003, the plaintiff returned the cast/splint to the medical unit, refusing to use the splint.  Medical Records, Ex. 4 at p. 12.

13.    Thereafter, on February 10, 2003, Dr. Ruiz saw the plaintiff and explained to him that the purpose of the cast was to keep his ankle in alignment, not for weight bearing.  Despite this advice, the plaintiff still refused the cast.  At the time of this visit, Dr. Ruiz observed no swelling or ecchymosis (i.e., bruising).  Ruiz Affidavit at ¶ 8 (Ex. 3); Plaintiff's Medical Records, Ex. 4 at pp. 12.

14. Dr. Ruiz did not see the plaintiff again after February 10, 2003; the plaintiff transferred from the Cheshire correctional facility to another institution on May 21, 2003. Ruiz Affidavit, Ex. 3 at ¶ 9; DOC Incarceration Records, Ex. 2.

15. The appropriate care for a comminuted fracture of the fibula, such as was sustained by the plaintiff in this case, is to splint the fracture and provide crutches to avoid weight bearing until there is radiographic evidence of improvement. That is exactly what was provided to the plaintiff in this case. Ruiz Affidavit, Ex. 3 at ¶ 10.

16. Subsequent x-rays of the plaintiff's ankle show that the fracture fully healed. Plaintiff's Medical Records, Ex. 4 at pp. 31-33.

17. Hector Rodriguez, at all relevant times the warden of the Cheshire correctional facility, had no responsibility for providing medical care to inmates, and in particular, played no role in treating the fracture Mr. Rivera sustained to his fibula that is the subject of this lawsuit. Ruiz Affidavit, Ex. 3 at ¶ 11.

DEFENDANTS
Hector Rodriguez, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:\_\_\_\_\_/s/_____
Terrence M. O'Neill
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct10835
E-Mail: terrence.oneill@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 31st day of January, 2007:

Jose Rivera, No. 191824
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080

_____/s/_____
Terrence M. O'Neill
Assistant Attorney General