UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE RIVERA | : | PRISONER<br>CIVIL NO. 3:03CV645 (CFD) |
| v. | : | |
| HECTOR RODRIGUEZ, ET AL. | : | JANUARY 29, 2007 |

### AFFIDAVIT OF RICARDO RUIZ, M.D.

I, **Ricardo Ruiz, M.D.**, having been duly sworn, do hereby depose and say that:

1. I am over the age of 18 and understand the obligations of an oath.

2. I am a physician licensed to practice medicine in the state of Connecticut since 1997. I received my M.D. from Boston University School of Medicine and am board certified in internal medicine.

3. Since January 2002, I have been the medical doctor at the Cheshire Correctional Institution and in January 2003 I provided treatment to Jose Rivera as reflected in his medical records. As such, I am familiar with the facts stated herein.

4. I first learned that Mr. Rivera sustained some injury to his right ankle when I saw him on January 24, 2003. He told me he jumped off his bunk and experienced pain on 1/4/03. I observed him ambulating with some discomfort. He came to medical unit walking on his own, then had an x-ray and was brought to me in a wheelchair. Thereafter, I was informed that the x-ray showed Mr. Rivera had sustained a comminuted, displaced spiral fracture of his right fibula.

In response, I contacted appropriate personnel and arranged for his transfer to the University of Connecticut John Dempsey Hospital.

5. At John Dempsey Hospital, he was placed in a removable splint/cast. The purpose of the splint was to keep the plaintiff's ankle in alignment and was not intended to allow him to walk without the aid of crutches.

6. I next saw the plaintiff on January 30, 2003. During my examination of him, the plaintiff complained that the splint was too loose and it rubbed and irritated his skin. There was no sign of skin irritation. Although there was no objective signs of irritation, I advised the plaintiff to put a sock under the splint to reduce the potential for irritation.

7. The plaintiff's medical records further reveal that, on February 4, 2003, the plaintiff returned the cast/splint to the medical unit, refusing to use the splint.

8. Thereafter, on February 10, 2003, I saw the plaintiff and explained to him that the purpose of the cast was to keep his ankle in alignment, not for weight bearing. Despite my advice, the plaintiff still refused the cast. I observed no swelling or ecchymosis (i.e., bruising) at that time.

9. I did not see the plaintiff again after February 10, 2003.

10. The appropriate care for a comminuted fracture of the fibula, such as was sustained by the plaintiff in this case, is to splint the fracture and provide crutches to avoid weight bearing until there is radiographic evidence of improvement. That is exactly what was provided to the plaintiff in this case.

11. Warden Hector Rodriguez, at all relevant times, had no responsibility for providing medical care to inmates, and in particular, played no role in treating the fracture Mr. Rivera sustained to his fibula that is the subject of this lawsuit.

12. As the facility's medical doctor, I see patients who affirmatively seek medical attention, or who are referred to me by subordinate staff. I had no knowledge of Mr. Rivera's ankle injury until he came to see me on January 24, 2003.

I, **Ricardo Ruiz**, M.D., do hereby swear that the contents of the foregoing affidavit are true and accurate to the best of my knowledge and belief.

_____
Ricardo Ruiz, M.D.

Subscribed and sworn to before me on this 30th day of January, 2007.

_____
Commissioner of the Superior Court /
Notary Public

My Commission Expires: 5-31-2010

3